**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **NICHOLAS MACKENSEN, individually and on behalf of all others similarly situated**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROGRESSIVE DIRECT INSURANCE CO.**<br><br>**Defendant.** | **CIVIL ACTION**<br><br>**No. 2:22-cv-2390** |

## MEMORANDUM AND ORDER

On September 38, 2022, Nicholas Mackensen filed suit against Progressive Direct Insurance Co. ("Progressive"), alleging breach of contract, breach of the covenant of good faith and fair dealing and declaratory judgment. Class Action Complaint (Doc. #1). This matter is before the Court on Progressive Direct Insurance Company's Partial Motion To Dismiss (Doc. #14) filed December 19, 2022. For reasons stated below, the Court sustains the motion.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.

See id. at 678. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Id. However, plaintiff must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiff's complaint alleges as follows:

In August of 2020, plaintiff totaled his F-250 truck and submitted an insurance claim to his automobile insurer, Progressive. Class Action Complaint (Doc. #1) ¶ 11–12. Under plaintiff's policy, Progressive agreed to "pay for sudden, direct, and accidental loss" to plaintiff's vehicle. Id. ¶ 18. The Policy stated that Progressive would pay the lowest of four limits of liability enumerated, one of which was the actual cash value ("ACV") of plaintiff's total-loss vehicle. Id. ¶ 23.

The Policy authorized Progressive to "use estimating, appraisal, or injury evaluation systems to assist [it] in adjusting claims . . . and to assist [it] in determining the amount of damages, expenses, or loss payable under this policy." Id. ¶ 29 ("We may use estimating, appraisal, or injury evaluation systems to assist us in adjusting claims under this policy and to assist us in determining

the amount of damages, expenses, or loss payable under this policy.  Such systems may be developed by us or a third party and may include computer software, databases, and specialized technology.").

After plaintiff's accident, Progressive determined that his truck was a total loss.  Id. ¶ 18.  To calculate the settlement amount, Progressive used a vehicle valuation report prepared by its third-party vendor, Mitchell.  Id. ¶ 19.  To produce the valuation report, Mitchell used the average cost of two comparable vehicles that were recently offered for sale at dealerships within 50 miles of the principal garaging ZIP code of the totaled F-250.  Id.  Apparently because vehicles may sell for amounts less than their list prices, Mitchell applied a projected sold adjustment ("PSA") to the comparable vehicles' list prices to account for "consumer purchasing behavior (i.e., negotiating a different price than the listed price)."  Id. ¶¶ 5–7.

On September 28, 2022, plaintiff filed suit against Progressive asserting breach of contract, id. ¶¶ 58–64, and breach of the covenant of good faith and fair dealing, id. ¶¶ 65– 71.  Plaintiff also seeks a declaration that the PSA results in "a valuation less than the ACV" of a vehicle and an injunction prohibiting Progressive from using PSAs in valuing total loss vehicles, id. ¶¶ 72–78.  Plaintiff alleges that the PSA "does not reflect market realities" and "run[s] contrary to customary automobile dealer practices."  Id. ¶ 23.

## Analysis

In Count I, plaintiff alleges that Progressive's application of a PSA caused it to pay less than ACV, which breached the terms of the Policy.  In Count III,[1] plaintiff asserts breach of the covenant of good faith and fair dealing, claiming that to the extent the Policy gives Progressive

---

[1] In his complaint, plaintiff skipped from Count I to Count III.  Class Action Complaint (Doc. #1) filed September 38, 2022 at 14–15.

discretion in calculating the ACV, it exercised its discretion unreasonably, with an improper motive and in a manner that was arbitrary, capricious and inconsistent with the reasonable expectations of the parties.  In Count IV, plaintiff seeks declaratory judgment that the use of the PSA "results in a valuation of less than the ACV" and therefore violates the Policy, and an injunction prohibiting Progressive from using PSAs in the future.  Class Action Complaint (Doc. #1) ¶ 78.  Defendant seeks to dismiss Count III and Count IV.

## I.     Breach of Covenant of Good Faith and Fair Dealing

In Count III, plaintiff asserts a distinct claim of breach of good faith.  "Kansas law implies a duty of good faith in every contract."  Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC, 168 F. Supp. 3d 1334, 1345 (D. Kan. 2016) (citation omitted).  This duty "is derivative in nature in that it does not create or supply new contract terms, but it grows out of existing ones" and "guides the construction of explicit terms in an agreement."  Kindergartners Count, Inc. v. DeMoulin, 249 F. Supp. 2d 1233, 1243 (D. Kan. 2003).  This duty includes "not intentionally and purposely . . . do[ing] anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  Warkentine v. Salina Pub. Sch., Unified Sch. Dist. No. 305, 921 F. Supp. 2d 1127, 1134 (D. Kan. 2013) (quoting Bonanza, Inc. v. McLean, 747 P.2d 792, 801 (Kan. 1987)).

Breach of the implied covenant of good faith and fair dealing is not a separate claim, but rather a "legal argument related to a breach-of-contract claim."  Classico, LLC v. United Fire & Cas. Co., No. 114833, 2016 WL 7324451, at *5 (Kan. Ct. App. Dec. 16, 2016).  "Hence, in order to prevail on an implied duty of good faith and fair dealing theory under Kansas law, plaintiffs must (1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant[ ] allegedly

violated by failing to abide by the good faith spirit of that term.'" Id. (quoting Wayman v. Amoco Oil Co., 923 F. Supp. 1322, 1359 (D. Kan. 1996)).

In Count I, plaintiff alleges that Progressive's application of a PSA caused it to pay less than ACV, which breached the Policy.  In Count III, plaintiff asserts breach of the covenant of good faith and fair dealing, claiming that to the extent the Policy gives Progressive discretion in calculating the ACV, it exercised its discretion in bad faith.  Accordingly, Count I and Count III concern the correct calculation of the ACV and defendant's alleged breach by paying plaintiff less than ACV.  In Count III, plaintiff merely asserts an alternative breach theory, which the Court will consider in Count I.  See Wayman, 923 F. Supp. at 1359 (no distinct good faith claim, but considered alleged failure to act in good faith theories in breach of contract claim).

Relying on AKH Co. v. Universal Underwriters Ins. Co., 300 F.R.D. 684 (D. Kan. 2014), plaintiff argues that the abovementioned precedent applies only to tort claims.  Id. ("The duty of good faith and fair dealing is not a recognized, independent tort cause of action.").  In *AKH*, on a motion to compel, the magistrate judge warned plaintiff that it did not and could not allege a "claim for bad faith," which sounds in tort.  Id.  The court explained that plaintiff asserted a claim for breach of contract and that "the good (or bad) faith of a party may be irrelevant" because "a breach is a breach is a breach, even if it occurs with the best of intentions."  Id. (quoting Waste Connections of Kan., Inc. v. Ritchie Corp., 298 P.3d 250, 270 (Kan. 2013).  The court's statements in *AKH* are consistent with the ruling here: the bad faith of defendant is merely a theory under plaintiff's breach of contract claim and may ultimately be irrelevant to his claim.

Plaintiff does not distinguish his claim from the many cases finding that "[b]reach of the implied covenant of good faith and fair dealing is not a separate claim, but rather a 'legal argument related to a breach-of-contract claim.'"  H&C Animal Health, LLC v. Ceva Animal Health, LLC,

499 F. Supp. 3d 920, 940 (D. Kan. 2020) (quoting Classico, 2016 WL 7324451, *5); see e.g., Terra Venture, Inc. v. JDN Real Est. Overland Park, L.P., 443 F.3d 1240, 1244 (10th Cir. 2006) (bad faith alternative breach of contract theory); Digital Ally, Inc. v. Culp McAuley, Inc., No. 222CV02203HLTADM, 2022 WL 2390194, at *11 (D. Kan. July 1, 2022) (same); United Cap. Mgmt. of Kansas, Inc. v. Nelson, No. 22-4008-JWB, 2023 WL 244649, at *7 (D. Kan. Jan. 18, 2023), reconsideration denied, No. 22-CV-4008-JWB-TJJ, 2023 WL 2187417 (D. Kan. Feb. 23, 2023) (same).

The Court sustains defendant's motion to dismiss Count III. Plaintiff may, however, present evidence that defendant's "failure to fulfill its duty of good faith and fair dealing resulted in a breach of an express term of their contract." H&C Animal Health, 499 F. Supp. 3d at 940.

## II.   Declaratory Judgment

In Count IV, plaintiff seeks declaratory judgment that using the PSA violates the Policy and an injunction prohibiting Progressive from using PSAs. Defendant argues that plaintiff lacks standing. In response, plaintiff agreed to withdraw Count IV. Plaintiff's Response In Opposition To Defendant's Partial Motion To Dismiss (Doc. #33) filed January 23, 2023 at 4. The Court therefore sustains defendant's motion on this count.

**IT IS THERFORE ORDERED** that Progressive Direct Insurance Company's Partial Motion To Dismiss (Doc. #14) filed December 19, 2022 is hereby **SUSTAINED**. Counts III and IV are dismissed. Count I remains.

Dated this 13th day of March, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge